# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60724
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 22, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHEKEILA JONES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CR-8-5

Before STEWART, Chief Judge, and DAVIS and DENNIS, Circuit Judges.

PER CURIAM:*

Shekeila Jones pleaded guilty of conspiring to defraud the United States in connection with a scheme to create and file false and fraudulent income tax returns to induce payment of tax refunds by the Department of the Treasury. Jones was sentenced to a 15-month term of imprisonment and to a three-year period of supervised release, and she was ordered to make restitution to the Internal Revenue Service in the amount of $55,660.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60724

Jones asserts that the district court erred in overruling her objection to the probation officer's calculation of the amount of the loss in determining the guidelines sentence and restitution amount.  She contends that the loss amount should not have included $36,600 related to five checks she cashed on behalf of her coconspirators because she has consistently denied that she knew that those funds had an illicit source.

The Government was required to prove the loss amount by a preponderance of the evidence, and the presentence report generally has sufficient indicia of reliability to permit the sentencing court to rely on it as evidence at sentencing.  *United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009).  Jones had the burden of presenting rebuttal evidence showing that the presentence report was materially untrue, inaccurate, or unreliable. *United States v. Rodriguez*, 602 F.3d 346, 363 (5th Cir. 2010).

The district court found that Jones had actual knowledge that the $36,600 pecuniary loss had resulted from the offense and that Jones's contrary assertions were not credible.  *See* U.S.S.G. § 2B1.1, comment. (n.3(A)).  We conclude that those findings are plausible in light of the record as a whole and that Jones has not shown that the district court clearly erred.  *See United States v. Brooks*, 681 F.3d 678, 713 (5th Cir. 2012); *United States v. Harris*, 597 F.3d 242, 250 (5th Cir. 2010).  The judgment is AFFIRMED.